IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KATHY GARNER and )
LOULEE W. KARN, )
)
    Plaintiffs, )
)
v. )    CIVIL ACT. NO. 2:90cv688-MHT-CSC
)          (WO)
G. D. SEARLE )
PHARMACEUTICALS & CO., *et al.*, )
)
    Defendants. )

**O R D E R**

Now pending before the court is the defendants' motion for stay of execution of the final judgment (doc. # 308) pending appeal. The defendants filed a notice of appeal on March 24, 2013. In conjunction with the filing of a notice of appeal and the motion to stay, the defendants submitted bonds to each plaintiff in the amount of 125% of the amount awarded to each plaintiff by the court. The defendants have submitted a bond in the amount of $680,860 in the name of plaintiff Kathy Garner and a bond in the amount of $1,722,679.50 in the name of plaintiff Loulee W. Karn. (Doc. # 308, Ex 1). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).[1] By submitting bonds in the amount of 125% of the amount

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

(continued...)

awarded to each plaintiff, the defendants have protected the plaintiffs' rights in the judgment while pursuing their right to appeal.  The plaintiffs subsequently filed a notice of cross-appeal.  (Doc. # 314).

FED.R.CIV.P. 62 permits the defendants to "obtain a stay by supersedeas bond," and the stay becomes effective when the court approves the bond.  However, the rule does not set forth any guidance to the court in setting a supersedeas bond.

> The predecessor to present FED.R.CIV.P. 62(d), originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Although the present rule does not by its terms precisely define the amount and conditions of a supersedeas bond, it has been read consistently with the earlier rule. *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94 (S.D.N.Y.1970), Aff'd, 515 F.2d 173 (2d Cir. 1975); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.*, 368 F.Supp. 501 (E.D.Pa.1973); 9 MOORE'S FEDERAL PRACTICE P 208.05 at 1418 (2d Ed. 1969). The nature of the bond's dual protection role requires that these conditions normally be imposed.

*Poplar Grove*, 600 F.2d at 1191.

In their bond to plaintiff Kathy Garner, the defendants have included the amount of the damages awards, $544,688.03, and an additional $136,172.00 which would cover additional costs incurred as the result of the appeal.  In their bond to plaintiff Loulee Karn, the defendants have included $1,378,143.60 which is the amount of damages awarded by the court, and an additional $344,535.90 to cover additional costs incurred during the appeal.

---

[1](...continued)
September 30, 1981.

In total, the defendants have provided bonds covering the total amounts awarded to each plaintiff and an additional $480,707.90 to cover any additional costs incurred during the appeal.  Each "bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.*  The court is satisfied that by providing bonds in the amounts of 125% of the amounts awarded, all the parties are protected.  Accordingly, upon consideration of the motion and for good cause, it is

ORDERED that the bonds provided to plaintiff Kathy Garner and Loulee Karn be and are hereby APPROVED by the court.  It is further

ORDERED that the motion to stay be and is hereby DENIED as moot because upon approval of the bonds, the stay is automatic.

Done this 29th day of March, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3